# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LUZ P. SOTO,

        Plaintiff,

v.                                         Case No. 6:24-cv-87-JRK

LELAND C. DUDEK,
Acting Commissioner of Social
Security, [1]

        Defendant.
_____

## OPINION AND ORDER[2]

### I. Status

Luz P. Soto ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of facet hypertrophy, chronic back pain, diabetes, high cholesterol, and issues related to a 2010 removal of her thyroid. Transcript of Administrative

---

[1] Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed March 15, 2024, at 73, 86. Plaintiff protectively filed an application for DIB on May 21, 2021, alleging a disability onset date of March 14, 2021.[3] Tr. at 211-12. Later, the alleged onset date was amended to March 15, 2021. Tr. at 213. The application was denied initially, Tr. at 71, 72-84, 107-11, and upon reconsideration, Tr. at 85, 86-92, 115-18.

On February 28, 2023, an Administrative Law Judge ("ALJ") held a hearing, during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] See Tr. at 43-70. At the time of the hearing, Plaintiff was fifty-seven (57) years old. Tr. at 49-50. On April 12, 2023, the ALJ issued a decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 19-29.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 11 (Appeals Council exhibit list), 200-01 (request for review). On December 6, 2023, the Appeals Council granted Plaintiff's request for review, Tr. at 7-10, thereby making the Appeals Council's decision the final decision of the Commissioner. On January 15, 2024, Plaintiff commenced this

---

[3] Although actually completed on May 24, 2021, see Tr. at 211, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as May 21, 2021, see, e.g., Tr. at 73, 86.

[4] The hearing was held via videoconference, with Plaintiff's consent. Tr. at 46-47, 181-83. The VE appeared via telephone. Tr. at 47. Some of the proceedings were interpreted in Spanish for Plaintiff. Tr. at 43.

action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff contends the Appeals Council erred by 1) failing to consider or address the opinion of Luis Romero, M.D., that Plaintiff can lift no more than 15 pounds; 2) failing to consider her right shoulder problems or account for them in the residual functional capacity ("RFC"); 3) failing to consider the impact of her obesity; 4) improperly relying on opinions of state-agency non-examining physicians; and 5) circumventing the Medical Vocational Rules because Plaintiff does not have transferrable skills. Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. No. 14; "Pl.'s Mem."), filed April 9, 2024, at 1-2; see id. at 7-23. On June 6, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") addressing Plaintiff's arguments.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of Plaintiff's RFC (Plaintiff's issue two). On remand, reevaluation of this issue may impact the Administration's consideration of the remaining issues on appeal. For this reason, the Court need not address the parties' arguments on those issues. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be

reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.  The ALJ's/Appeals Council's Decisions

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Here, the ALJ followed the five-step inquiry. See Tr. at 22-29. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 15, 2021, the alleged onset date." Tr. at 22 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: thyroid disease with corrective surgery, lumbar degenerative disc disease, osteoarthritis (OA) of the knees, obesity, and diabetes mellitus." Tr. at 22 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 22 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform medium work as defined in 20 CFR [§] 404.1567(c) except [Plaintiff] can lift/carry/push/pull 50 pounds occasionally and 25 pounds frequently. [Plaintiff] can sit for up to 6 hours, stand for up to 6 hours, and walk for up to 6 hours in an eight-hour workday. [Plaintiff] can occasionally use foot controls, bilaterally. [Plaintiff] can occasionally reach overhead, bilaterally. [Plaintiff] can occasionally climb stairs and ramps but can never climb ladders and scaffolds. [Plaintiff] can frequently balance, stoop, and crouch; occasionally kneel, and never crawl. [Plaintiff] should have no exposure to unprotected heights. Time off-task can be accommodated by normal breaks.

Tr. at 22-23 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform past relevant work" as "a Supply Room Clerk." Tr. at 28 (some emphasis and citation

omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 28-29. After considering Plaintiff's age ("55 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 28 (emphasis and citation omitted), such as "Laundry Checker," "Tumbler/Dryer Operator," and "Sweeper/Cleaner," Tr. at 29. The ALJ concluded Plaintiff "has not been under a disability . . . from March 15, 2021, through the date of th[e D]ecision." Tr. at 29 (emphasis and citation omitted).

The Appeals Council then granted Plaintiff's request for review and issued its own decision. Tr. at 7-10. Regarding the ALJ's sequential evaluation findings, the Council agreed with the findings at steps 1, 2, 3, and 4. Tr. at 7. Regarding the ALJ's RFC finding, however, the Council determined:

> [The ALJ] was "largely persuaded" by the November 2021 and June 2022 state agency medical consultants' opinions that [Plaintiff] was limited to less than the full range of light work, with postural and environmental limitations contained in Exhibits 2A and 4A (Decision, page 9). Specifically, the hearing decision explains that the opinions are "supported by contemporaneous evidence and are largely consistent with the overall medical evidence of record, which supports greater limitations, as set forth in the [RFC] assessed herein" (Decision, page 9, emphasis added). However, the hearing decision found that [Plaintiff] had the [RFC] to perform a range of medium work, which is less

> restrictive than the opinions of the state agency medical consultants. The hearing decision did not explain why the additional limitations are not adopted into the [RFC]. Thus, [Plaintiff's RFC] was not supported by substantial evidence.
>
> The Appeals Council also finds that the state agency medical consultants' opinions are persuasive and adopts them. Thus, the Council finds that [Plaintiff] has the [RFC] to perform a range of light work, occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, crawling and never climbing ladders, ropes, and scaffolds; she must avoid concentrated exposure to hazards.

Tr. at 8. The Council then relied on the VE's testimony and found that Plaintiff "has transferable skills . . . to other semi-skilled jobs in the national economy." Tr. at 8. Observing that the VE had testified in response to "a hypothetical question posed by [Plaintiff's] representative with a [RFC] that is more restrictive than the [RFC] found by the Appeals Council," Tr. at 8, the Council determined Plaintiff could perform representative jobs of "order filler, route delivery clerk, and distributing clerk." Tr. at 8. The Council concluded that Plaintiff was "not disabled during the period at issue." Tr. at 9.

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the Commissioner's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278

(11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff argues the Appeals Council erred in failing to take into account her right shoulder problem and resulting limitations. Pl.'s Mem. at 9-10. According to Plaintiff, the ALJ recognized Plaintiff has such limitations in his decision and restricted her to "occasional reaching overhead bilaterally." Id. at

9 (citing Tr. at 23). Plaintiff points out that the Appeals Council, by contrast, did not discuss Plaintiff's shoulder issues; although purporting to assign a more restrictive RFC than did the ALJ, the Appeals Council actually left out any reaching limitations without explanation. Id. at 9-10. Responding, Defendant contends the Appeals Council properly found at step two that the shoulder issue was not a severe impairment. Def.'s Mem. at 6-9. Notwithstanding that Plaintiff points to "some objective evidence" of shoulder issues and resulting limitations, argues Defendant, the Appeals Council did not err by refusing to put any reaching limitations in the RFC. Id. at 6-10.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must

consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, both the ALJ and the Appeals Council declined at step two to find Plaintiff has a severe shoulder impairment. See Tr. at 22, 7. The ALJ, however, went on to discuss evidence of Plaintiff's shoulder pain and her allegation that the shoulder issue "makes lifting overhead with her right arm difficult." Tr. at 23, 26. As recognized by the ALJ, there is objective evidence in the file regarding Plaintiff's shoulder issue—that evidence includes Plaintiff complaining of shoulder pain to her treating providers, medication being prescribed for the pain, Plaintiff attending physical therapy for the shoulder, and an x-ray showing moderate arthritis. Tr. at 26; see, e.g., Tr. at 920-23, 936-79, 937, 984-88. Moreover, although not directly related to the shoulder pain, Dr. Romero (an examiner in connection with Plaintiff's worker's compensation claim) restricted Plaintiff to lifting no more than 15 pounds, Tr. at 650, but neither the ALJ nor the Appeals Council discussed this aspect of Dr. Romero's opinion, see Tr. at 24-27, 7-9.

In sum, the Appeals Council refused to include limitations in the RFC resulting from Plaintiff's shoulder issue despite record evidence supporting the need for such a limitation. It is inconsequential that the Appeals Council did not find the shoulder issue to be severe at step two, because a RFC "must consider limitations and restrictions imposed by all of an individual's

impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also, e.g., Pupo, 17 F.4th at 1064 (citing Schink, 935 F.3d at 1268); Swindle, 914 F.2d at 226 (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves, 734 F.2d at 525). The Appeals Council's unexplained election not to include limitations in the RFC resulting from the shoulder issue is error necessitating remand for reconsideration.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)   Reconsider Plaintiff's RFC, being sure to take into account any limitations from Plaintiff's shoulder issue;

(B)   If necessary, consider the other arguments raised in this appeal; and

(C)    Take such other action as may be necessary to resolve this claim properly.

2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 4, 2025.

                                            JAMES R. KLINDT
                                    United States Magistrate Judge

kaw
Copies:
Counsel of Record