# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LUZ P. SOTO,

        Plaintiff,

v.                                         Case No. 6:24-cv-87-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

        Defendant.
_____/

## **O R D E R**

This cause is before the Court on Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. No. 22; "Petition"), filed May 5, 2025. In the Petition, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $9,359.52. Petition at 1.[2] Plaintiff represents that Defendant does not oppose the relief requested. Id. at 4.

Plaintiff's counsel expended a total of 36.7 hours in the representation of Plaintiff before the Court: 6.5 hours by Carol Avard, 28.4 hours by Mark

---

[1] Frank Bisignano was recently confirmed as the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The pagination of the Petition and attached memorandum is not continuous. Citations to the Petition follow the pagination of the Court's electronic filing system (CM/ECF).

Zakhvatayev, and 2.3 hours for the preparation of the Petition. Id. at 3; see also Affidavit (Doc. No. 22-1) at 18-19 (Schedule of Hours). Plaintiff requests an hourly rate of $251.25 for hours spent in 2024 and $256.25 for hours spent in 2025. Petition at 3; Affidavit (Doc. No. 22-1) at 18-19. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Petition, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees.[3]

Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel. Petition at 3; see Fee Agreement-Federal Court (Doc. No. 22-2). Regarding the assignment, Plaintiff represents the following:

> [After the Court issues an] Order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's Assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

---

[3] See U.S. Dep't of Labor, Inflation Calculator, at http://data.bls.gov/cgi-bin/cpicalc.pl (last visited May 29, 2025). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Indexes generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105F.3d708, 710-13(D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-Oc-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

Petition at 3.

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. No. 22) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $9,359.52 pursuant to 28 U.S.C. § 2412(d).

3. The Commissioner may exercise his discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on May 29, 2025.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record